## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASIAH LEONARD, *on behalf of herself and all others similarly situated,* | Case No. 2:24-cv-00062 |
| Plaintiff, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| LA SALLE UNIVERSITY, | |
| Defendant. | |

Plaintiff Asiah Leonard ("Plaintiff"), by and through her undersigned counsel, brings this Class Action Complaint against Defendant La Salle University ("La Salle" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      Higher education is no different from any other industry in as much as consumers (*i.e.*, students) have the ability to shop between different educational products offered by competitive institutions before ultimately purchasing the product that is right for them.

2.      Some colleges and universities offer an educational product without access to a campus or in-person community, while others offer an educational

product with access to a varied suite of services, activities, facilities and experiences through an on-campus, in-person educational experience.

3.     La Salle primarily offers students an in-person educational experience featuring traditional, face-to-face lecture and laboratory courses, and offers a limited selection of courses in online-only formats.

4.     Plaintiff, an undergraduate student during the Spring 2020 semester, paid tuition and fees to enroll in La Salle's on-campus, in-person education program, including all the benefits and services associated therewith for the entirety of the Spring 2020 semester.

5.     Plaintiff's paid-for experience was cut short midway through the Spring 2020 semester, when that in-person educational experience was taken away from Plaintiff and other students at La Salle.

6.     In March 2020, in response to the outbreak of the SARS-CoV-2 virus, the virus that causes the COVID-19 disease (the "COVID-19 pandemic"), La Salle, like many other colleges and universities, transitioned to online-only distance learning, canceled on-campus recreational events, canceled student activity events, and ordered students to refrain from going on campus.

7.     As a result, all on-campus education, services, and amenities were no longer available to La Salle students for the remainder of the Spring 2020 semester.

8.     Despite the harsh reality that students could no longer enjoy the benefit

of the bargain for which they pre-paid, La Salle refused to provide a prorated refund of tuition or fees tied to its on-campus education, services, and amenities that were not available to students for a significant part of the Spring 2020 semester.

9. Accordingly, La Salle's students lost the benefits of the bargain for services and the experience they paid for but could no longer access or use following the school's transition to remote learning in March 2020.

10. By not giving prorated refunds for tuition or fees charged for on-campus education and services not provided, La Salle breached its contracts with its students or was otherwise unjustly enriched.

11. It cannot be disputed that the circumstances underlying this legal action are unfortunate and unprecedented. However, the students did not choose these circumstances, and they certainly did not agree to pay tuition and fees for online-only education and services.

12. It is unfair and unlawful for La Salle to retain tuition and fees for campus-based in-person education and services not being provided and to pass the financial losses on to its students.

13. Importantly, Plaintiff does not challenge Defendant's discretion in adhering to federal, state, and local health guidelines, but rather challenges La Salle's decision to retain the tuition and fees, paid by Plaintiff and other students for in-person education, experiences, access to campus, and services, without providing

such for the entire duration of the Spring 2020 semester.

14.    Plaintiff brings this class action for damages and restitution resulting from La Salle's retention of the tuition and fees paid by Plaintiff and the other putative Class members for in-person education and services not being provided. Specifically, this lawsuit seeks disgorgement of the prorated, unused amounts of the fees that Plaintiff and other putative Class members paid, but for which they (or the students on behalf of whom they paid) were not provided the benefit, as well as a partial prorated tuition reimbursement representing the difference in fair market value between the on-campus product for which they had paid, and the online product that they received.

## **PARTIES**

15.    Plaintiff, Asiah Leonard, is an adult, who at all relevant times, is a resident and citizen of the Commonwealth of Pennsylvania.  She paid tuition and fees for the Spring 2020 semester. Halfway through the Spring 2020 semester, Plaintiff was forced to take her classes remotely, refrain from visiting campus, and prevented from utilizing various on-campus services for which she paid.

16.    Plaintiff was an undergraduate student enrolled at La Salle for the Spring 2020 semester, which was scheduled to run from approximately January 13, 2020, to May 2, 2020. Plaintiff did not have access to the campus after mid-March 2020 because the campus was closed due to the COVID-19 pandemic. Plaintiff paid

tuition and fees for an in-person educational experience during the Spring 2020 semester, the benefits of which she lost because La Salle closed the campus and cut off access to on-campus services, facilities, and extracurricular activities.

17.    Defendant, La Salle, is a private university founded in 1863. La Salle offers around 40 undergraduate majors and around 40 graduate degree programs and enrolls students from dozens of states and foreign countries. La Salle's main campus is located in Philadelphia, Pennsylvania.  Defendant is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

18.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

19.    This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business by operating its principal campus in this District and soliciting students residing in this District to attend its institution.

20.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District,

specifically, the contracts that are the subject of this action were formed in this District, and the performance and breach of contract also occurred in this District.

## **FACTUAL ALLEGATIONS**.

21.     Prior to the COVID-19 pandemic, La Salle had a longstanding tradition of offering most of its courses in face-to-face classroom settings on campus. In accordance with this prior course of conduct, La Salle scheduled the vast majority of its Spring 2020 courses to be in-person and on-campus.

22.     La Salle's online course enrollment system permits students to filter available classes to find courses delivered remotely.[1]  Even if a student does not use the search filter, the enrollment system displays the location and delivery type of each class before a student registers.  Therefore, when Plaintiff and Class members used this system to enroll in classes for the Spring 2020 semester, they knew whether they were enrolling in face-to-face or online classes and made informed choices about whether to spend their tuition dollars on in-person or online modes of course delivery.

---

[1] *See generally La Salle University Dynamic Schedule*, La Salle University, https://xbss-prod.lasalle.edu/PROD/bwckschd.p_disp_dyn_sched   (select   term "Spring 2020 (View only)," then select "Session: On-Line (Web)" and highlight all entries in "Subject" field, then select "Class Search" to reveal list of all La Salle courses originally scheduled for remote delivery in Spring 2020).

23.    To enroll in classes, La Salle students are required to pay tuition and some form of mandatory fees. The Spring 2020 semester was originally scheduled to commence on or about January 13, 2020, and end on or around May 2, 2020.[2]

24.    Tuition for the Spring 2020 semester was approximately $15,850 for full-time undergraduate students.[3] Tuition ranged between $455 and $1055 per credit hour for graduate students in on-campus classes, depending on degree program.[4]

25.    La Salle uses its marketing materials, course catalog, and other bulletins to solicit students for its in-person, on-campus educational programs.   In these materials, La Salle emphasizes that in-person, face-to-face interaction is an essential component of students' educational experience.

26.    Face-to-face interaction between students and faculty and among students is a core feature of the educational product that La Salle markets to prospective students.   For example:

---

[2]   *2019-2020 Academic Calendar*, La Salle University (Aug. 12, 2019), https://wa3.lasalle.edu/channels/docs/get.php?id=1720.

[3]   *Undergraduate    Tuition    and    Fees*,    La    Salle    University, https://web.archive.org/web/20190611192111/https://www.lasalle.edu/financialaid /undergraduate-tuition-and-fees/ (captured Jun. 11, 2019).

[4]   *Graduate    and    Adult    Tuition    and    Fees*,    La    Salle    University, https://web.archive.org/web/20190611215744/https://www.lasalle.edu/financialaid /graduate-tuition-and-fees/ (captured Jun. 11, 2019).

a. La Salle tells prospective students in the School of Arts and Sciences that "[o]n campus, you'll be surrounded by fellow creative thinkers in a city known for its arts and technology leadership."[5]

b. La Salle tells prospective students in the School of Business that "[t]he beauty of exploration is that you can truly experience your surroundings, not just read about them."[6]

c. La Salle emphasizes its average class size of 22 and 12:1 student faculty ratio,[7] and explains that "small classes offer personal support . . . . You'll be challenged here, but you will be supported and receive personalized attention every step of the way."[8]

27.    La Salle also encourages prospective students to get involved in cocurricular and extracurricular student organizations, and boasts that:

> "Our wide array of 120-plus diverse clubs and student organizations provides an opportunity for around-the-clock fun, leadership development, and personal growth for everyone.  You'll become an active part of the La Salle community, making friendships and memories that will last a lifetime."[9]

---

[5]  *La Salle University Undergraduate Viewbook 2017* ("Viewbook"), https://www.case.org/system/files/media/file/Lasalleuniversity_Undergraduate_Viewbook_2017_7-13%20%28.pdf, at 10. (last accessed Jan. 5, 2024).

[6] Viewbook at 9.

[7] Viewbook at 16-17.

[8]  *Undergraduate Admissions*, La Salle University, https://www.lasalle.edu/admissions-and-aid/undergraduate/ (last accessed Jan. 5, 2024).

[9]  *Fitness and Recreation*, La Salle University, https://www.lasalle.edu/student-life/athletics-and-recreation/ (last accessed Dec. 7, 2023).

28.    La Salle also promotes its varsity and intramural athletics programs, telling prospective students that:

> "Whether it's our varsity, intramural, or club sports, there are opportunities to increase your leadership and sportsmanship skills, meet like-minded students, and have fun along the way.  The La Salle student experience comes with a storied NCAA Division I athletic program infused with pride."[10]

29.    La Salle highlights its on-campus facilities and resources as a significant benefit of enrollment in in-person classes.  These facilities and resources include:

a.    The Connelly Library, with group study rooms and individual study spaces;[11]

b.    The Independence Blue Cross Fitness Center, including cardiovascular and weight equipment, a swimming pool, tennis and volleyball courts;[12]

c.    Founders Hall, housing the business school, which La Salle describes as "one of the most technologically advanced [buildings] in the nation" with "fully customizable classrooms,

---

[10] Viewbook at 24.

[11] *Room Use Policy*, La Salle University, https://library.lasalle.edu/help/faq-policies (last accessed Jan. 5, 2024).

[12] Viewbook at 24.

breakout spaces, lounge areas and conference rooms, a four-story atrium, a boardroom, and a sales simulation lab;"[13]

d.   School of Nursing facilities including "state-of-the-art simulation labs [and] clinic spaces;"[14] and

e.   The La Salle University Art Museum, which "further[s] the University's Lasallian educational objectives by helping students . . . experience significant, original works of art in an intimate setting . . . ."[15]

30.   Moreover, La Salle promotes the location of its campus as a compelling reason for students to decide to attend.   La Salle describes Philadelphia as "Our Largest Classroom"[16] and tells prospective students:

> "As a La Salle student, the City of Brotherly Love is at your doorstep.   You can't ask for a greater city in which to begin your adventure.   As the fifth-largest city in the U.S., Philadelphia is rich in unique historical and cultural opportunities.   Whether you're searching for the best cheesesteak, catching an Eagles game, or running the steps at the Philadelphia Museum of Art, the City of Brotherly Love has it all."[17]

---

[13] Viewbook at 9.
[14] Viewbook at 13.
[15] *La Salle University Art Museum*, La Salle University, https://artcollection.lasalle.edu/ (last accessed Jan. 5, 2024).
[16] Viewbook at 28.
[17] Viewbook at 29.

31.     When enrolling in classes for the Spring 2020 semester, Plaintiff and members of the Class chose to enroll in classes offered in-person, to obtain the benefits outlined above.

32.     Plaintiff and members of the Class were also required to pay assorted fees (collectively, the "Mandatory Fee") to enroll in classes.  For full-time students, the Mandatory Fee included $100 per semester assessed for student activities, $300 per semester assessed as a "University Fee," and $75 per semester assessed for a "Wellness Fee."

33.     Plaintiff and the members of the Class paid the Mandatory Fee for the Spring 2020 semester so they could benefit from on-campus services and facilities, including student activities and wellness services, offered by La Salle.

34.     Plaintiff and members of the Class paid their tuition and Mandatory Fee in the Spring 2020 semester to enjoy everything La Salle offered them, including on-campus services and facilities and an in-person education throughout the entire Spring 2020 semester.

35.     Despite Plaintiff and Class members paying Spring 2020 semester tuition and fees to attend La Salle for an in-person and on-campus educational experience, La Salle failed to provide the promised in-person education and facility access for the duration of the entire Spring 2020 semester, instead providing only online instruction for more than half of the Spring 2020 semester.

**A.     In Response to COVID-19, La Salle Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes.**

36.     On March 12, 2020, in response to COVID-19, La Salle cancelled all face-to-face courses on campus for the week of March 23 through March 27, 2020, while online and hybrid courses continued as scheduled.  Because the vast majority of La Salle's classes were face-to-face, La Salle noted that the announcement "in effect, serves as an extension of the University's spring break for students, which is scheduled for Monday, March 16 – Friday, March 20 . . . ."[18]  All face-to-face classes resumed on Monday, March 30, 2020, using remote instruction only.[19]  While La Salle originally intended to resume face-to-face instruction on Monday, April 6, 2020, it subsequently decided to move all courses to remote instruction only for the remainder of Spring 2020 semester.[20]

---

[18] *Updates on academic continuity and University operation,* La Salle University (Mar. 12, 2020), https://web.archive.org/web/20200529201559/https://www.lasalle.edu/news/2020/03/12/updates-on-academic-continuity-and-university-operation/ (captured May 29, 2020).

[19] *Id.*

[20] *Updates on remote learning and Commencement,* La Salle University (Mar. 17, 2020), https://web.archive.org/web/20200529200934/https://www.lasalle.edu/news/2020/03/17/updates-on-remote-learning-and-commencement/ (captured May 29, 2020).

37.     In mid-March, La Salle recommended that students not return to campus after spring break,[21] and, on April 4, 2020, La Salle closed residence halls for the remainder of Spring 2020 semester.[22]

38.     Around the same time, La Salle closed all campus facilities to students, and cancelled or postponed all face-to-face events and activities, including those planned by student organizations.[23]

39.     La Salle did not hold any in-person classes for undergraduate students between March 13, 2020, and the end of Spring 2020 term. All Spring 2020 classes after March 13, 2020, were only offered in a remote, online format with no in-person, face-to-face engagement between students and faculty.

40.     Most campus facilities and services for which the Mandatory Fee was assessed were also terminated, cancelled, or severely curtailed at or about this time, such as access to the library, recreation center, health and wellness facilities and intramural facilities, as well as student organizations, programs, athletic events, and arts performances.

---

[21] *Updates on academic continuity and University operation, supra* note 18.

[22] *Updates on remote learning and Commencement, supra* note 20.

[23] *COVID-19 Time-sensitive operational updates*, La Salle University (Mar. 13, 2020), https://web.archive.org/web/20200529201410/https://www.lasalle.edu/news/2020/03/13/covid-19-time-sensitive-operational-update/ (captured May 29, 2020).

41.     At the time, La Salle acknowledged that the decision to move to remote distance learning dramatically changed Plaintiff's and Class members' educational experiences.   In a March 27, 2020, letter to the campus community, La Salle's president stated:

> "On Monday, for the first time in La Salle's 157-year history, all course instruction will continue through remote learning channels, through the end of this semester . . . . Certainly, this was not how any of us envisioned the second half of the Spring semester . . . We know that this shift to remote learning has also impacted the valuable teaching and learning that takes place outside of the academic curriculum . . . For our graduating students, I know this is not how you envisioned your final weeks at La Salle. . . ."[24]

42.     La Salle thus admitted that students did not receive the educational experience that both parties—students *and* La Salle—expected when students paid tuition and the Mandatory Fee for Spring 2020 semester, because of La Salle's unprecedented shift to remote-only education that adversely affected its educational product.

43.     Despite the fact that La Salle's closure of campus and shift to online-only distance learning effected dramatic changes to students' bargained-for educational experience, La Salle refused to adjust its tuition costs or offer any form of tuition refund or refund of the Mandatory Fee.

---

[24] *Amid unpredictability, let's be extraordinary*, La Salle University (Mar. 27, 2020), https://web.archive.org/web/20200529195625/https://www.lasalle.edu/news/2020/03/27/amid-unpredictability-lets-be-extraordinary/ (captured May 29, 2020).

**B.    Students Experienced Significant Losses, in Many Cases of Borrowed Funds, as a Result of La Salle's Conduct.**

44.    At La Salle, the median federal loan debt among borrowers who completed their undergraduate degree is $25,000.[25] The median monthly federal loan payment (if it were repaid over 10 years at 5.05% interest) for federal student loan borrowers who graduated from La Salle is $265.[26]

45.    In addition, 29% of graduating students at La Salle took out private loans.[27] Students with private loans had an average of $17,999 in private loan debt at graduation.[28]

46.    With the campus shut down for more than half of the semester, Plaintiff and the proposed Class have been deprived of the benefits of the on-campus educational experience as set forth above. Nevertheless, La Salle has refused to refund any portion of tuition or the Mandatory Fee, despite not providing the on-campus educational experience and services for which students paid.

47.    Students attending La Salle's Spring 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in La Salle's in-person, on campus educational program.

---

[25] *La Salle University Tuition & Financial Aid*, U.S. News, https://www.usnews.com/best-colleges/la-salle-university-3287/paying     (last accessed Jan. 5, 2024).
[26] *Id.*
[27] *Id.*
[28] *Id.*

48.     During the online portion of the Spring 2020 semester, La Salle principally used programs by which previously recorded lectures were posted on an online learning management system for students to view on their own, or by virtual Zoom meetings.   Therefore, there was a lack of classroom interaction between students and professors and among students that is instrumental in interpersonal skill development.

49.     The online formats used by La Salle did not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

50.     Students were deprived of the opportunity for hands-on, collaborative learning and in-person dialogue, feedback, and critique.

51.     Access to facilities such as libraries, laboratories, computer labs, and study rooms, integral to a university education, and access to the myriad activities offered by campus life that foster social development, leadership, wellness, independence, and networking for future careers, are all substantial and material parts of the basis upon which La Salle can charge the tuition it charges. Contrary to La Salle's promises, these services and facilities were not provided.

52.     La Salle provided students with prorated refunds for Spring 2020 room and board fees, *i.e.,* funds that students paid in exchange for services that La Salle

decided not to provide.[29] However, La Salle has not made a similar offer to refund any portion of the tuition or Mandatory Fee that Plaintiff and Class members paid La Salle for in-person educational services which they did not receive during the majority of Spring 2020 semester.

53.    Plaintiff and the Class are therefore entitled to a prorated refund of the tuition and Mandatory Fee they paid La Salle for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

## CLASS ACTION ALLEGATIONS

54.    Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All La Salle University students who satisfied their payment obligations for the Spring Semester 2020 tuition and/or Mandatory Fees who were enrolled in at least one in-person on-campus class (the "Class").

55.    Specifically excluded from the Class are all undergraduate students who received full La Salle-funded scholarships for the Spring 2020 semester, Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint

---

[29] *Update on student accounts*, La Salle University (Mar. 27, 2020), https://web.archive.org/web/20200529195832/https://www.lasalle.edu/news/2020/03/27/update-on-student-accounts/ (captured May 29, 2020).

ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers.

56.     Subject to additional information obtained through further investigation and discovery, Plaintiff reserves the right to amend, narrow, or expand the class definition.

57.     **Numerosity:** The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, La Salle reported several thousand students enrolled for the 2019-2020 school year. The names and addresses of all such students are known to La Salle and can be identified through La Salle's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

58.     **Commonality:** There are questions of law and fact common to the members of the Class including, without limitation:

a.     Whether La Salle accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus educational experience, as well as certain facilities and services throughout the Spring 2020 semester;

b.    Whether La Salle breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person on-campus educational experience and access to campus facilities and services after mid-March 2020;

c.    Whether La Salle breached its contracts with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fee pertained after mid-March 2020;

d.    Whether La Salle was unjustly enriched by retaining a portion of the tuition and Mandatory Fee during the period of time La Salle was closed during the Spring 2020 semester, and Plaintiff and the members of the Class were denied an in-person and on-campus educational experience and access to the services and facilities for which tuition and the Mandatory Fee was paid;

e.    Whether La Salle intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued campus services for which the Mandatory Fee was intended to

pay, all while retaining the tuition and Mandatory Fee paid by Plaintiff and the Class; and

f.     The amount of damages and other relief to be awarded to Plaintiff and the Class members.

59.     **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus educational experience for the tuition they paid and the services and facilities for the Mandatory Fee that they paid, that La Salle stopped providing for the remainder for the Spring 2020 semester.

60.     **Adequacy of Representation:** Plaintiff is an adequate class representative because her interests do not conflict with the interests of the other Class members whom she seeks to represent. Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

61.     **Predominance.** Common questions of law and fact predominate over any questions affecting only individual Class members. Similar or identical violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. For example, Defendant's liability and the fact of damages

is common to Plaintiff and each member of the Class. If Defendant breached its contracts to Plaintiff and Class members, then Plaintiff and each Class member suffered damages by that conduct.

62. **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members is relatively small compared to the burden and expense that would be required to individually litigate their claims against La Salle, making it impracticable for Class members to individually seek redress for La Salle's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

63. **Ascertainability:** Members of the Class are ascertainable. Class membership is defined using objective criteria, and Class members may be readily identified through Defendant's books and records.

## FIRST CLAIM FOR RELIEF
## BREACH OF IMPLIED CONTRACT
### (On Behalf of Plaintiff and the Class)

64.    Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

65.    Plaintiff brings this claim individually and on behalf of the members of the Class.

66.    When Plaintiff and Class members paid La Salle tuition and the Mandatory Fee for the Spring 2020 semester, La Salle agreed to, among other things, provide an in-person and on-campus educational experience as well as access to campus services and facilities to which the Mandatory Fee they paid pertained throughout the entire Spring 2020 semester. As a result, Plaintiff and each member of the Class entered into binding implied contracts with La Salle.

67.    When entering into implied contracts, Plaintiff and Class members reasonably believed and expected that La Salle would provide them with an on-campus and in-person educational experience, as opposed to remote learning, and use of Defendant's facilities and services for the duration of the entire Spring 2020 semester as mutually agreed and intended in accordance with Defendant's publications, including but not limited to, its marketing materials, course catalogues, and other bulletins, as well as La Salle's history and prior course of providing in-person and on-campus education.

68.     Plaintiff and Class members fully performed their obligations under their implied contracts with La Salle by registering for classes and paying tuition.

69.     Defendant is in possession of all contracts, materials, circulars, advertisements and the like between Plaintiff and members of the Class on one hand, and La Salle on the other.

70.     La Salle breached its contracts with Plaintiff and the Class by failing to provide the promised in-person and on-campus educational experience as well as access to campus services and facilities to which the Mandatory Fee pertained throughout the Spring 2020 semester, yet has retained monies paid by Plaintiff and the Class for an on-campus and in-person educational experience and access to these services and facilities during the entire Spring 2020 semester. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

71.     Plaintiff and the members of the Class have suffered damages as a direct and proximate result of La Salle's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid equal to the reduction in contracted for education and services during the portion of time the Spring 2020 semester when La Salle discontinued in-person classes and closed campus facilities.

72.     La Salle should return such portions of the tuition and Mandatory Fee to Plaintiff and each Class member.

## SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

73.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

74.     Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforceable contract with La Salle regarding the relief requested.

75.     Plaintiff and members of the Class conferred a benefit on La Salle in the form of tuition and the Mandatory Fee paid for the Spring 2020 semester. The payment of this tuition and Mandatory Fee was to be in exchange for an in-person, on-campus educational experience to be provided to Plaintiff and the members of the Class throughout the Spring 2020 semester.

76.     La Salle knowingly accepted the benefits conferred upon it by Plaintiff and Class members.

77.     La Salle has retained the full benefit of the tuition and Mandatory Fee payments made by Plaintiff and the members of the Class for the Spring 2020 semester—without providing the benefits that Plaintiff and Class members were owed.

78.    For example, La Salle failed to provide Plaintiff and Class members access to many on-campus facilities and services after March 13, 2020, yet La Salle assessed Plaintiff and Class members with tuition and fees that covered the cost of upkeep and maintenance of such facilities and services.

79.    Indeed, as a result of closing campus and moving classes online, La Salle saved significant sums of money in the way of reduced utility costs, reduced staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work student students, and otherwise.

80.    Upon information and belief, the costs incurred for having an online only program are significantly lower than the overhead needed to provide classes and services on campus.

81.    As a result of La Salle's retention of all the tuition and Mandatory Fee paid by Plaintiff and members of the Class during the period of time La Salle was closed, Plaintiff and members of the Class were denied an in-person and on-campus educational experience and access to services and facilities for which the Mandatory Fee was paid. This was unjust and inequitable under the circumstances.

82.    Allowing La Salle to retain the full benefit of tuition and Mandatory Fee paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by La Salle, unjustly enriched Defendant.

83.     Accordingly, La Salle has been unjustly enriched and should return the prorated portion of the tuition and Mandatory Fee that Plaintiff and Class members each paid equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester when La Salle discontinued in-person classes and closed campus facilities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order of restitution and all other forms of equitable monetary relief;

(e)     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses;

(f)     Awarding pre- and post-judgment interest on any amounts awarded; and,

(g)    Awarding such other and further relief as may be just and proper.

## **DEMAND FOR TRIAL BY JURY**

A jury trial is demanded on all claims so triable.

Dated: January 5, 2024                    Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch (PA ID No. 56887)
Nicholas A. Colella (PA ID No. 332699)
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
gary@lcllp.com
nickc@lcllp.com

*Counsel for Plaintiff and Proposed Class*