IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASIAH LEONARD, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>LA SALLE UNIVERSITY,<br><br>Defendant. | Case No. 2:24-cv-00062-JS |

**DECLARATION OF NICHOLAS A. COLELLA
IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

I, Nicholas A. Colella, declare as follows:

1. I am a partner with the law firm of Lynch Carpenter, LLP and am counsel of record for Plaintiff Asiah Leonard ("Plaintiff") and the conditionally-certified Settlement Class, along with Anthony Alesandro of Leeds Brown Law, P.C., in the above captioned matter against Defendant La Salle University ("Defendant" or "La Salle"). I am personally involved in the prosecution of this matter.

2. The team of Lynch Carpenter and Leeds Brown attorneys involved in the resolution of this matter possess extensive experience litigating complex class actions.

3. I have been involved in this Action from the filing of the Complaint through its resolution.

4. I make this Declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Plaintiff's Motion"), which seeks final approval of the Settlement Agreement.

5. The matters set forth herein are stated with my personal knowledge.

1

6. Class Counsel, on behalf of Plaintiff and the proposed Settlement Class, have negotiated a settlement of all claims against Defendant for its transition to online only learning following the Covid-19 pandemic in the Spring 2020 semester.

7. I am submitting this declaration to put before the Court certain documents and facts supporting final approval of the Settlement and demonstrating that the requirements of Federal Rule of Civil Procedure 23 are satisfied for purposes of finally certifying the Settlement Class and that the proposed Settlement is fair, reasonable, and adequate.

8. In my view, the Settlement represents an excellent result that will provide significant benefits to the Settlement Class Members while removing the risk and delay associated with further litigation.

9. The Settlement Amount consisting of cash in the amount of $875,000, less Court-approved attorneys' fees and expenses, costs of settlement administration, and Case Contribution Award for the Plaintiff, shall be for the benefit of the Settlement Class Members. Additionally, the Non-Cash Benefit of a reduction on tuition paid in the amount of twenty-five percent (25%) for Settlement Class Members who first enroll in a La Salle in-person, on-campus Master's degree program within two years of the Effective Date shall also be for the benefit of the Settlement Class Members.

10. I recommend the proposed Settlement is an excellent result in light of the factual and legal risks of continued litigation. In recommending the Settlement as fair, reasonable, and adequate, Class Counsel has considered, among other things, the events underlying Plaintiff's claims and the possible defenses to those claims, as well as the information gleaned by the extensive exchange of information conducted by the Parties in this case, and La Salle's publicly available financial information.

11. All of this information provided us with a thorough understanding of the strengths and weaknesses of Plaintiff's claims and the risks associated with further litigation.

12. In short, Class Counsel believes that this Settlement is fair and reasonable because it provides a substantial monetary and non-monetary recovery weighed against the risks of proceeding with litigation.

13. There have been no material changes in circumstances which impact Plaintiff's assessment of the suitability of the proposed classes for certification since the Court granted preliminary approval.

**CLASS COUNSEL BELIEVE THAT THE PROPOSED SETTLEMENT SATISFIES THE APPLICABLE FACTORS CONSIDERED BY COURTS IN THE THIRD CIRCUIT WHEN REVIEWING PROPOSED CLASS ACTION SETTLEMENTS**

14. Before agreeing to the proposed Settlement, Class Counsel assessed the merits using various factors typically used by counsel in this type of case including the factors used by courts in the Third Circuit to assess proposed class action settlements.

15. Class Counsel believes that the proposed Settlement is fair, reasonable, and adequate when the applicable factors are considered. Those factors include: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

16. The complexity, expense, and likely duration of the litigation, justify final approval of the Settlement.

17. There have been no objections to the settlement and no requests to opt-out of the Settlement. Further, Plaintiff supports the proposed Settlement.

18. The stage of the proceedings and the amount of discovery completed via the mediation process justifies approval of the Settlement. After Defendant filed its Answer, and after the parties exchanged extensive information through the mediation process, the Parties engaged in a mediation session before Hon. Thomas J. Rueter (Ret.). Although the Parties did not reach a settlement during the mediation, the Parties were not at an impasse. With the help of Judge Rueter, the Parties were able to reach an agreement in principle in the weeks following mediation.

19. The risks of establishing liability and damages also counsel in favor of approval of the Settlement. Defendant vigorously contests liability in this Action, would almost certainly have contested class certification, and would have affirmatively moved for summary judgment. Thus, certification, liability, and damages would have remained highly contested issues had the settlement not been reached by the Parties.

20. The risks of maintaining the class action through the trial justifies approval of the Settlement as well. As noted above, Defendant likely would have contested certification of the Settlement Class and damages on a class-wide basis. The risks associated with maintaining a certified class therefore support Settlement.

21. The range of reasonableness of the settlement fund in light of the best possible recovery and all the attendant risks of litigation strongly favors approval of the Settlement. Here, the Settlement provides for each Settlement Class Member to receive real monetary relief, as well the option to receive substantial non-monetary relief.

22.    The Settlement Fund allows for a *pro rata* distribution to each student who paid tuition and/or fees in exchange for in-person and on-campus educational experiences, as alleged by Plaintiff and the Settlement Class Members.

23.    Each individual share of the Net Settlement Fund will be a refund for tuition and/or fees paid in the Spring 2020 semester, and will be distributed *pro rata* based on the ratio of (a) the total amount of Spring 2020 Tuition and Fees assessed to Settlement Class Members enrolled at La Salle during the Spring 2020 semester to (b) the total amount of Spring 2020 Tuition and Fees assessed to each individual Settlement Class Member enrolled at La Salle during the Spring 2020 semester, less Financial Aid and any unpaid balances related to the Spring 2020 term as reflected on the Settlement Class Member's account with La Salle, and any refunds already distributed related to Spring 2020 semester.

24.    Class Counsel is aware of no evidence of fraud or collusion behind the Settlement. Instead, this Settlement was the product of extensive negotiations between experienced counsel under the supervision of respected mediator Judge Rueter. The final parameters of the proposed Settlement were negotiated amongst counsel at arm's-length with the assistance of this mediation, and those discussions took several weeks.

25.    Class Counsel have developed a comprehensive understanding of the merits of the case through our work on the Action. In our view, when we agreed to the proposed Settlement, we had sufficient information about the strengths and weaknesses of the claims and defenses, as well as Defendant's financial condition, to make a reasoned judgment about the desirability of settling the case according to the terms proposed.

26.    In Class Counsel's view, the stage of litigation and amount of discovery weigh in favor of final approval of the Settlement.

## CONCLUSION

Plaintiff and Class Counsel respectfully submit that the Settlement is an excellent result for the Settlement Class in this case. Class Counsel recommends that the Settlement is fair, reasonable, and adequate, and requests that this Court grant final approval to the Settlement Agreement and approve dissemination of the Settlement Amount.

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Executed on January 3, 2025<br>in Pittsburgh, Pennsylvania. | */s/ Nicholas A. Colella*<br>Nicholas A. Colella |